# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
06/24/2024
CT Log Number 546711154

## Service of Process Transmittal Summary

**TO:** Nicole Albini
American Preservation Builders, LLC
1300 KEY TOWER
CLEVELAND, OH 44114-1310

**RE:** Process Served in Tennessee

**FOR:** Millennia Housing Management, LLC  (Assumed Name)  (Domestic State: OH)
Millennia Housing Management, Ltd., L.L.C. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: GAIL A. GRIFFIN // To: Millennia Housing Management, Ltd., L.L.C. |
| **CASE #:** | 240416 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, Knoxville, TN |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 06/24/2024 |
| **JURISDICTION SERVED:** | Tennessee |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  RENEE WEISS  rweiss@mhmltd.com |
| | Email Notification,  Nicole Albini  nalbini@mhmltd.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
300 Montvue RD
Knoxville, TN 37919
866-203-1500
DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

BURNETTE, DOBSON & PINCHAK
ATTORNEYS AT LAW
711 CHERRY STREET
CHATTANOOGA, TENNESSEE 37402

7018 0360 0000 8255 9578

PITNEY BOWES
$8.93⁰
US POSTAGE
FIRST-CLASS
028W0002310856
2000237632
ZIP 37402
JUN 18 2024

Millennia Housing Management, LLC
c/o CT Corporation System
300 Monvue Rd.
Knoxville, TN  37919-5546

GAIL A. GRIFFIN
                            PLAINTIFF

VS.                                                    DOCKET NO. 24-0416

MILLENNIA HOUSING MANAGEMENT, LLC, and
MILLENNIA HOUSING DEVELOPMENT, LTD.
                            DEFENDANT

## SUMMONS

TO DEFENDANT:    Millennia Housing Management, LLC, via its Registered Agent: C T Corporation System

WHOSE ADDRESS IS   300 Montvue Road, Knoxville, TN 37919-5546

OTHER SERVICE INFORMATION    Plaintiff will serve via certified mail

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, 625 Georgia Avenue, Room 300 Courthouse, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this 18 day of June, 2024

ROBIN L. MILLER, CLERK & MASTER

By: _____
DEPUTY CLERK & MASTER

Harry F. Burnette                 004803
Plaintiff Attorney                   BPR#
or Plaintiff if no attorney (*pro se*)

711 Cherry Street
Address

Chattanooga, TN 37402

(423) 266-2121             (423) 266-3324
Tel. NO.                            Fax NO.

**NOTICE TO DEFENDANT(S)**
Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and schoolbooks. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

A TRUE COPY
ROBIN L. MILLER, Clerk & Master
Chancery Court, Hamilton County, Tennessee

This 18 day of June, 2024

By: _____

IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| GAIL A. GRIFFIN, | |
| Plaintiff | NO.: 24-0415 |
| Vs. | PART _____ |
| MILLENNIA HOUSING MANAGEMENT, LLC and MILLENNIA HOUSING DEVELOPMENT, Ltd., | |
| Defendants | |

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 without regard to the citizenship of the parties or amount in controversy. Supplemental jurisdiction exists over the Plaintiff's state law claims pursuant to 28 §1367(a). This case is brought to seek redress for discrimination in employment on account of age pursuant to the Age Discrimination in Employment Act (ADEA) and the Tennessee Human Rights Act, 29 U.S.C. §626 and T.C.A. §4-21-101, *et. seq*.

### II. NATURE OF PROCEEDING

2. This is a proceeding for back pay and benefits due Plaintiff as well as for related benefits, for injunctive relief requiring Defendant's reemployment of Plaintiff at her management position or front pay in lieu of reinstatement; for liquidated damages, compensatory damages including humiliation and embarrassment, costs, prejudgment interest and attorneys' fees; and for such additional damages as may be necessary to effectuate the purposes of ADEA and the THRA.

## III. THE PARTIES

3. Plaintiff is a resident of Chattanooga, Hamilton County, Tennessee and was born in 1958.

4. Plaintiff was employed by Defendants in Chattanooga, Hamilton County, Tennessee.

5. Defendants are Ohio corporations and perform business throughout the eastern and mid-western parts of the United States. Defendants own and maintain apartment complexes and low-income rentals.

6. Plaintiff was terminated while working in Chattanooga, Hamilton County, Tennessee. This Honorable Court has jurisdiction over the parties and the subject matter of this lawsuit pursuant to ADEA and the THRA.

7. Jurisdiction and venue are proper in this Court

## IV. FACTUAL BASIS OF PLAINTIFF'S CLAIMS

8. Plaintiff was employed by Defendants from 2016 until her termination in June 2023.

9. Plaintiff began her employment as a Property Manager and over the years received several promotions to ultimately become the Regional Property Manager over properties in Tennessee, Kentucky, and Florida.

10. Defendants' president is Frank Sinito.

11. During Plaintiff's employment, she had frequent contact with Mr. Sinito. He complimented her on a job well done and in 2020 approached her about a position managing some of Defendants' Florida properties. The Florida properties were added to the Tennessee and Kentucky properties that she already was managing.

12. Mr. Sinito told Plaintiff that he had been having serious problems with some of the Florida properties (around Jacksonville, Florida). Mr. Sinito said that Plaintiff was the best person to solve the Florida issues.

13. Mr. Sinito told Plaintiff that he knew that the Florida properties would be difficult, but that he wanted her to assume the Regional Management of those properties as well as continue her Regional Management of the Tennessee and Kentucky properties.

14. With the addition of duties, Plaintiff was promoted to Regional Property Director.

15. Plaintiff made significant progress in addressing the Florida issues and was praised for her work by Mr. Sinito.

16. Plaintiff reported to Defendants' Senior Executive Vice President, Alan Weckerly, who also gave Plaintiff good reviews and praised her work.

17. In 2022 and 2023, Mr. Sinito approached Plaintiff and asked her when she was going to retire. Though he continued to praise her work, he told her that at her age she needed to retire soon. He stated that he was going to retire in the future and the younger generation would be taking over. He said she should strongly consider retirement. Plaintiff told him that she loved her job and did not have any plans to retire.

18. Following the conversations with Mr. Sinito, Plaintiff was approached by HR and others in leadership numerous times and asked when she was going to retire. Plaintiff told them that she did not have plans to retire. She said that she wanted to keep working.

19. Plaintiff was reassigned to cover one apartment complex, Callaway Cove, in Florida in January 2023. The new regional Vice President assumed Plaintiff's duties at the other three Florida complexes including collecting rent checks. When the apartment manager quit at the Valencia Way complex a couple of months later, approximately $40,000 in rent checks were

found. All but $11,000 of these checks had already been deposited. The remaining $11,000 were primarily partial payments, which Plaintiff had been told not to accept, or had not been deposited by the complex manager. Even though Plaintiff had been reassigned and was not responsible for most of these checks, Plaintiff was blamed for not making deposits, which had been reassigned to the new, younger Vice President.

20. In April 2023, Plaintiff was told by Mr. Sinito that she needed to return to Tennessee and perform her job in her home state – especially the Knoxville work which had fallen behind in her absence.

21. Mr. Sinito assured Plaintiff that her pay would remain the same.

22. Plaintiff was called to a meeting with the Vice President of Human Resources, Debra Moore, and Sr. Vice President, Alan Weckerly, on May 2, 2023. Plaintiff was given a Performance Improvement Plan (PIP) at this meeting. Plaintiff was shocked. She had been told that her performance was very good.

23. Along with the PIP, Plaintiff was told that her salary would be decreased.

24. Plaintiff knew that the PIP was a made-up reason to terminate her employment since Defendants were hiring younger managers. Plaintiff had worked and made great progress, so the PIP was simply Defendants' effort to begin paperwork to terminate Plaintiff's employment. The Defendants' actions were a pretext.

25. The pretext was confirmed when only a couple of weeks later, Plaintiff received an email from the asset director, complimenting her for getting the Tennessee collections back in order and complimenting her performance.

26. Despite the strides that Plaintiff had taken in her work at the Tennessee properties, she was once again contacted by Ms. Moore and told that she was going to be demoted to a Chattanooga property manager and her salary was going to be reduced again to $65,000 per year.

27. Plaintiff was shocked. Despite the large strides she was making in collections and getting the Tennessee properties back in order, she was going to once again be demoted. Again, Plaintiff knew that this was another effort to force her to quit because of her age.

28. Plaintiff refused to quit and reported to the lesser position on June 19, 2023. She spoke to the Regional Director who was her replacement. The new Regional Director was Alexandra Thomason and was age 39. Ms. Thompson made many admissions that Defendants expected Plaintiff to take the severance offer and that Plaintiff should retire.

29. Plaintiff was then contacted by the Chief Administrative Officer, Michael Pico. Mr. Pico re-extended the severance package to Plaintiff. He asked Plaintiff why she did not want to retire? He told her that he had no choice but to terminate her employment.

30. Plaintiff was devastated by Defendants' actions. She had loved her job, but she was terminated because of her age.

31. Plaintiff had been very proud of her work. She was humiliated by Defendants' pretexts that were used to force her to retire because of her age.

## V. PLAINTIFF'S CLAIMS

32. Defendants discriminated against Plaintiff on the basis of her age by terminating her in violation of 29 U.S.C. §623, *et seq.* and T.C.A. §4-21-401(a), *et seq.*, which prohibits discrimination in employment because of age.

33. Defendants' discriminatory acts and conduct were willful.

34. Defendants are responsible for the acts of its supervisory employees.

# State of Tennessee
## IN THE CHANCERY COURT FOR HAMILTON COUNTY

GAIL A. GRIFFIN
                                    PLAINTIFF
VS.                                                        DOCKET NO. 24-0416

MILLENNIA HOUSING MANAGEMENT, LLC, and
MILLENNIA HOUSING DEVELOPMENT, LTD.
                                    DEFENDANT

## SUMMONS

TO DEFENDANT:    Millennia Housing Management, LLC, via its Registered Agent: C T Corporation System
WHOSE ADDRESS IS   300 Montvue Road, Knoxville, TN 37919-5546
OTHER SERVICE INFORMATION   Plaintiff will serve via certified mail

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, 625 Georgia Avenue, Room 300 Courthouse, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this 18 day of June, 2024

ROBIN L. MILLER, CLERK & MASTER

By: _____
DEPUTY CLERK & MASTER

Harry F. Burnette                       004803
Plaintiff Attorney                       BPR#
or Plaintiff if no attorney (*pro se*)

711 Cherry Street
Address

Chattanooga, TN 37402

(423) 266-2121              (423) 266-3324
Tel. NO.                    Fax NO.

**NOTICE TO DEFENDANT(S)**
Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and schoolbooks. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**A TRUE COPY**
ROBIN L. MILLER, Clerk & Master
Chancery Court, Hamilton County, Tennessee

This 18 day of June, 2024
By: _____

IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESSEE

GAIL A. GRIFFIN,                    :
                                    :
         Plaintiff                  :    NO.: 24-0415
                                    :
Vs.                                 :    PART _____
                                    :
MILLENNIA HOUSING MANAGEMENT,:
LLC and MILLENNIA HOUSING           :
DEVELOPMENT, Ltd.,                  :
                                    :
         Defendants                 :

## COMPLAINT

**I.  JURISDICTION**

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 without regard to the citizenship of the parties or amount in controversy. Supplemental jurisdiction exists over the Plaintiff's state law claims pursuant to 28 §1367(a). This case is brought to seek redress for discrimination in employment on account of age pursuant to the Age Discrimination in Employment Act (ADEA) and the Tennessee Human Rights Act, 29 U.S.C. §626 and T.C.A. §4-21-101, *et. seq*.

**II.  NATURE OF PROCEEDING**

2.  This is a proceeding for back pay and benefits due Plaintiff as well as for related benefits, for injunctive relief requiring Defendant's reemployment of Plaintiff at her management position or front pay in lieu of reinstatement; for liquidated damages, compensatory damages including humiliation and embarrassment, costs, prejudgment interest and attorneys' fees; and for such additional damages as may be necessary to effectuate the purposes of ADEA and the THRA.

### III. THE PARTIES

3. Plaintiff is a resident of Chattanooga, Hamilton County, Tennessee and was born in 1958.

4. Plaintiff was employed by Defendants in Chattanooga, Hamilton County, Tennessee.

5. Defendants are Ohio corporations and perform business throughout the eastern and mid-western parts of the United States. Defendants own and maintain apartment complexes and low-income rentals.

6. Plaintiff was terminated while working in Chattanooga, Hamilton County, Tennessee. This Honorable Court has jurisdiction over the parties and the subject matter of this lawsuit pursuant to ADEA and the THRA.

7. Jurisdiction and venue are proper in this Court

### IV. FACTUAL BASIS OF PLAINTIFF'S CLAIMS

8. Plaintiff was employed by Defendants from 2016 until her termination in June 2023.

9. Plaintiff began her employment as a Property Manager and over the years received several promotions to ultimately become the Regional Property Manager over properties in Tennessee, Kentucky, and Florida.

10. Defendants' president is Frank Sinito.

11. During Plaintiff's employment, she had frequent contact with Mr. Sinito. He complimented her on a job well done and in 2020 approached her about a position managing some of Defendants' Florida properties. The Florida properties were added to the Tennessee and Kentucky properties that she already was managing.

12. Mr. Sinito told Plaintiff that he had been having serious problems with some of the Florida properties (around Jacksonville, Florida). Mr. Sinito said that Plaintiff was the best person to solve the Florida issues.

13. Mr. Sinito told Plaintiff that he knew that the Florida properties would be difficult, but that he wanted her to assume the Regional Management of those properties as well as continue her Regional Management of the Tennessee and Kentucky properties.

14. With the addition of duties, Plaintiff was promoted to Regional Property Director.

15. Plaintiff made significant progress in addressing the Florida issues and was praised for her work by Mr. Sinito.

16. Plaintiff reported to Defendants' Senior Executive Vice President, Alan Weckerly, who also gave Plaintiff good reviews and praised her work.

17. In 2022 and 2023, Mr. Sinito approached Plaintiff and asked her when she was going to retire. Though he continued to praise her work, he told her that at her age she needed to retire soon. He stated that he was going to retire in the future and the younger generation would be taking over. He said she should strongly consider retirement. Plaintiff told him that she loved her job and did not have any plans to retire.

18. Following the conversations with Mr. Sinito, Plaintiff was approached by HR and others in leadership numerous times and asked when she was going to retire. Plaintiff told them that she did not have plans to retire. She said that she wanted to keep working.

19. Plaintiff was reassigned to cover one apartment complex, Callaway Cove, in Florida in January 2023. The new regional Vice President assumed Plaintiff's duties at the other three Florida complexes including collecting rent checks. When the apartment manager quit at the Valencia Way complex a couple of months later, approximately $40,000 in rent checks were

Case 1:24-cv-00248-TRM-MJD   Document 1-2   Filed 07/24/24   Page 13 of 19
PageID #: 22

found. All but $11,000 of these checks had already been deposited. The remaining $11,000 were primarily partial payments, which Plaintiff had been told not to accept, or had not been deposited by the complex manager. Even though Plaintiff had been reassigned and was not responsible for most of these checks, Plaintiff was blamed for not making deposits, which had been reassigned to the new, younger Vice President.

20. In April 2023, Plaintiff was told by Mr. Sinito that she needed to return to Tennessee and perform her job in her home state – especially the Knoxville work which had fallen behind in her absence.

21. Mr. Sinito assured Plaintiff that her pay would remain the same.

22. Plaintiff was called to a meeting with the Vice President of Human Resources, Debra Moore, and Sr. Vice President, Alan Weckerly, on May 2, 2023. Plaintiff was given a Performance Improvement Plan (PIP) at this meeting. Plaintiff was shocked. She had been told that her performance was very good.

23. Along with the PIP, Plaintiff was told that her salary would be decreased.

24. Plaintiff knew that the PIP was a made-up reason to terminate her employment since Defendants were hiring younger managers. Plaintiff had worked and made great progress, so the PIP was simply Defendants' effort to begin paperwork to terminate Plaintiff's employment. The Defendants' actions were a pretext.

25. The pretext was confirmed when only a couple of weeks later, Plaintiff received an email from the asset director, complimenting her for getting the Tennessee collections back in order and complimenting her performance.

26. Despite the strides that Plaintiff had taken in her work at the Tennessee properties, she was once again contacted by Ms. Moore and told that she was going to be demoted to a Chattanooga property manager and her salary was going to be reduced again to $65,000 per year.

27. Plaintiff was shocked. Despite the large strides she was making in collections and getting the Tennessee properties back in order, she was going to once again be demoted. Again, Plaintiff knew that this was another effort to force her to quit because of her age.

28. Plaintiff refused to quit and reported to the lesser position on June 19, 2023. She spoke to the Regional Director who was her replacement. The new Regional Director was Alexandra Thomason and was age 39. Ms. Thompson made many admissions that Defendants expected Plaintiff to take the severance offer and that Plaintiff should retire.

29. Plaintiff was then contacted by the Chief Administrative Officer, Michael Pico. Mr. Pico re-extended the severance package to Plaintiff. He asked Plaintiff why she did not want to retire? He told her that he had no choice but to terminate her employment.

30. Plaintiff was devastated by Defendants' actions. She had loved her job, but she was terminated because of her age.

31. Plaintiff had been very proud of her work. She was humiliated by Defendants' pretexts that were used to force her to retire because of her age.

## V. PLAINTIFF'S CLAIMS

32. Defendants discriminated against Plaintiff on the basis of her age by terminating her in violation of 29 U.S.C. §623, *et seq.* and T.C.A. §4-21-401(a), *et seq.*, which prohibits discrimination in employment because of age.

33. Defendants' discriminatory acts and conduct were willful.

34. Defendants are responsible for the acts of its supervisory employees.

## VI. ADMINISTRATIVE PREREQUISITE

35. Plaintiff filed a charge of age discrimination with the Equal Employment Opportunity Commission, No. 523-2023-02499. Plaintiff has a Right to Sue in this action.

## VII. DAMAGES

36. As a result of the wrongful action of Defendant in discharging Plaintiff, Plaintiff has suffered both financially and emotionally. In particular, Plaintiff lost and will continue to lose salary, bonuses, opportunities and advancement, and various employee benefits, which she could have earned had she been allowed to continue in her position and employment with Defendants. In addition to the actual and financial loss Plaintiff has sustained, she has suffered great mental anguish resulting from the embarrassment and humiliation that she experienced because of Defendants' actions.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a. That proper process be issued and properly served upon Defendants and Defendants be required to answer within the time prescribed by law;

b. That upon hearing of this cause, Plaintiff be awarded judgment for damages for lost wages and the value of all employment benefits she has lost from the date of Defendants' discriminatory actions;

c. That the Court issued an injunction requiring Defendant to re-employ Plaintiff at her former position with all employment rights and benefits to which she would have been entitled, and without harassment or illegal conditions imposed on her job, or, in the alternative, front pay and benefits in lieu of reinstatement;

d. That Plaintiff be awarded liquidated damages under ADEA and compensatory damages, including but not limited to, damages for humiliation as provided for by state law, T.C.A. §4-21-101, *et, seq,* including but not limited to T.C.A. §4-21-306(a)(7);

e. That Plaintiff be awarded reasonable attorneys' fees as provided by law;

f. That Plaintiff be awarded such further relief to which she may be deemed entitled; and

g. That Plaintiff demands a jury to try all claims and issues triable by a jury.

BURNETTE, DOBSON & PINCHAK

BY: _____
Harry F. Burnette, BPR #004803
H. Eric Burnette, BPR #24342
Frank P. Pinchak, BPR #02094
711 Cherry St.
Chattanooga, TN 37402
(423) 266-2121
(423) 266-3324 fax
Hburnette@bdplawfirm.com
eburnette@bdplawfirm.com
fpinchak@bdplawfirm.com

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN 37228
(629) 236-2240
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS ENCLOSED

Harry F Burnette Esq.
Burnette, Dobson & Pinchak
Courtway Center
711 Cherry Street
Chattanooga, TN 37402

Re: Mrs. Gail Griffin v. MILLENIA HOUSING MANAGEMENT, LTD.
EEOC Charge Number: 532-2023-02499

The United States Equal Employment Opportunity Commission (EEOC) issued the enclosed Dismissal and Notice of Rights (Notice) in the above-referenced charge on the date reflected thereon. Specifically, on that date, EEOC sent you an email notification that EEOC had made a decision regarding the above-referenced charge and advised you to download a copy of the decision document from the Portal. Our records indicate you have not downloaded the Notice from the Portal. For your convenience, a copy of the Notice is enclosed with this letter.

Please note that if the Charging Party wants to pursue this matter further in court, Charging Party must file a lawsuit within 90 days of the date they receive the Notice. The 90-day period for filing a private lawsuit cannot be waived, extended, or restored by the EEOC.

I hope this information is helpful. If you have questions, please contact DAWN SMITH by telephone at (629) 236-2248 or email at DAWN.SMITH@EEOC.GOV.

Sincerely,

05/17/2024

DAWN SMITH
INVESTIGATOR

Enclosure

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN 37228
(629) 236-2240
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/07/2024

**To:** Mrs. Gail Griffin
1614 Vance Ave
CHATTANOOGA, TN 37404

Charge No: 532-2023-02499

EEOC Representative and email:   DAWN SMITH
Investigator
Dawn.Smith@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 532-2023-02499.

On behalf of the Commission,

Digitally Signed By: Phillip Bornefeld
05/07/2024
Phillip Bornefeld
Area Office Director